IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CANDICE JOHNSON,            \*

      Plaintiff,             \*

v.                    \*      Civil Action No. GLR-23-2821

MISS TOYAS CREOLE HOUSE, LLC,  \*
et al.,
                        \*

      Defendants.

\*\*\*

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Candice Johnson's Motion for Conditional Certification under the Fair Labor Standards Act (ECF No. 31). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant in part and deny in part Johnson's Motion for Conditional Certification.

## I.    BACKGROUND[1]

### A.    Factual Background

This action arises out of Miss Toyas Creole House, LLC and Miskiri Hospitality Group, LLC's ("Defendants") alleged violations of the Fair Labor Standards Act ("FLSA")

---

[1] Unless otherwise noted, the Court takes the following facts from Johnson's Complaint, (ECF No. 1), and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

and Maryland Wage Laws. (Compl. at 1, ECF No. 1).[2] Johnson brings this action individually and on behalf of all others similarly situated. (Id. ¶ 1).

Miss Toyas Creole House, LLC is a Maryland restaurant franchise owned by the Miskiri Hospitality Group, LLC, a Maryland limited liability company. (Id. ¶ 20; Pl.'s Mem. Supp. Mot. Conditional Cert. ["Mot."] at 3, ECF No. 32). Johnson, a Maryland resident, was employed by Defendants as a bartender from November 2022 through February 2023. (Compl. ¶¶ 15, 36).

Johnson alleges that throughout her employment she was "paid a subminimum hourly cash wage . . . from Defendants and earned tips from customers who chose to leave her a gratuity." (Id. ¶ 37). Johnson also claims that she was assigned non-tipped duties, such as taking out trash; cleaning the restaurant; preparing food; and washing dishes. (Id. ¶ 70). However, she maintains that contrary to basic wage protections under the FLSA and Maryland Wage laws, Defendants "deprived [her] of the mandated minimum wage for all hours [she] worked," and forced her to unlawfully turn over portions of her tips. (Id. ¶ 32). According to Johnson, all members of the putative class[3] employed by Defendants were subject to these same unlawful pay practices. (Id. ¶ 34).

---

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[3] Johnson separates potential plaintiffs into two different classes: (1) the Fair Labor Standards Act (FLSA) Collective and (2) the Maryland Class. (See Compl. ¶¶ 77, 86, ECF No. 1) (The FLSA Collective is defined as "[a]ll individuals who worked for Defendants as a server, bartender, or both at any point during the three (3) year period preceding the filing of this lawsuit, and who were paid a direct cash subminimum hourly wage." The Maryland Class is defined as "all individuals who worked for Defendants as a server, bartender, or both in Maryland at any point during the three (3) year period preceding the

**B.**    **Procedural History**

On October 18, 2023, initial Plaintiff Candice Johnson filed her Class Action Complaint against Miss Toyas Creole House, LLC and Miskiri Hospitality Group, LLC individually and on behalf of all other similarly situated individuals. (ECF No. 1). She asserts three Counts against Defendants for: minimum wage violations under the FLSA (Count I); minimum wage violations under the Maryland Minimum Wage and Hour Law ("MWHL") (Count II); and violation of the timely wage provision under the Maryland Wage Payment and Collection Law ("MWPCL") (Count III). (Compl. at 24–28). Johnson seeks monetary damages, as well as declaratory and injunctive relief. (Id. at 29).

Defendants answered the Complaint on December 13, 2023. (ECF No. 6). On May 28, 2024, Johnson filed the instant Motion for Conditional Certification. (ECF No. 31). Defendants filed a Motion to Dismiss on June 21, 2024, (ECF No. 37), which they voluntarily withdrew on July 8, 2024, (ECF No. 40). Defendants opposed the Motion for Conditional Certification on June 25, 2024. (ECF No. 38). Johnson filed a Reply on July 9, 2024. (ECF No. 42).

---

filing of this lawsuit, and who were paid a subminimum hourly wage pursuant to Maryland Wage Law.").

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

Congress enacted the Fair Labor Standards Act ("FLSA") "to protect all covered workers from substandard wages and oppressive working hours." <u>Wai Man Tom v. Hosp. Ventures LLC</u>, 980 F.3d 1027, 1031–32 (4th Cir. 2020) (quoting <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 739 (1981)). When an employee sues their employer under this statute, he or she may sue as an individual or "in a collective action on behalf of themselves and similarly situated employees." <u>Biscardi v. Gov't Emps. Ins. Co.</u>, No. GJH-21-2240, 2023 WL 155238, at *2 (D.Md. Jan. 11, 2023) (quoting 29 U.S.C. § 216(b)) (internal quotation marks omitted).

Whether or not to conditionally certify the collective action is a matter of court discretion. Courts in this district follow a two-step inquiry for evaluating a collective action: (1) a pre-discovery determination that the purported class is similarly situated to warrant sending notice of the action to potential members of the class (the notice stage); and (2) a post-discovery determination, typically in response to a motion for decertification, that the purported class is indeed similarly situated. <u>Lancaster v. FQSR</u>, No. TDC-19-2632, 2020 WL 5500227, at *2 (D.Md. Sept. 11, 2020) (collecting cases).

At the first stage, courts "make a threshold determination whether the class is similarly situated based on 'substantial allegations' in the pleadings and any submitted affidavits or declarations." <u>Id.</u> Following discovery, courts proceed to the second stage, whereby they "engage[ ] in a more stringent inquiry" to determine whether plaintiffs have met the burden of showing that opt-in participants are in fact similarly situated, such that

moving forward with the collective action is appropriate. <u>Santos v. E & R Servs., Inc.</u>, No. DLB-20-2737, 2021 WL 6073039, at *2 (D.Md. Dec. 23, 2021) (quoting <u>Syrja v. Westat, Inc.</u>, 756 F.Supp.2d 682, 686 (D.Md. 2010)).

**B.**    <u>**Analysis**</u>

**1.**    **Similarly Situated Potential Plaintiffs**

Johnson argues that she and potential opt-in plaintiffs are similarly situated because they all "worked for Defendants . . . shared the same job responsibilities, performed the same or similar job duties, and were subject to the same compensation policies." (Mot. at 8–12). Defendants do not meaningfully dispute Johnson's assertions and instead argue that the underlying claims of the Complaint lack merit. (Defs.' Opp'n Mot. Conditional Cert. ["Opp'n"] at 8–12, ECF No. 38-1). As Johnson correctly explains, courts do not weigh the merits at the conditional certification stage. (Mot. at 2–3); <u>Essame v. SSC Laurel Operating Co. LLC</u>, 847 F.Supp.2d 821, 825 (D.Md. 2012) (noting that the court does not weigh the merits, resolve factual disputes, or make credibility determinations at the conditional certification stage). Because Defendants do not address Johnson's arguments, much less defeat them, and because the Court finds Johnson's argument meritorious,[4] the Court

---

[4] The Court finds that Johnson made a sufficient preliminary showing that the putative collective is similarly situated. Under FLSA, individuals are similarly situated when they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from . . . similar . . . job requirements and pay provisions." <u>Robinson v. Empire Equity Grp., Inc.</u>, No. WDQ-09-1603, 2009 WL 4018560, at *3 (quoting <u>Montoya v. S.C.C.P. Painting Contractors, Inc.</u>, No. CCB-07-455, 2008 WL 554114, at *2 (D.Md. Feb. 26, 2008) (cleaned up)). Johnson's burden at this stage is a lenient one, and here, Johnson has gone beyond simply alleging similarity in her Complaint, having attached her declaration and exhibits that bolster her claims. (Johnson Decl. at 1–3, ECF No. 32-1; Announcement Details at 7–9, ECF No. 32-1); <u>see Boyd v.</u>

concludes that Johnson and potential opt-in plaintiffs are sufficiently similar to warrant conditional certification of the class. See Wootten v. Virginia, 168 F.Supp.3d 890, 895–96 (W.D.Va. 2016) ("[C]ourts widely agree that parties have the burden to present legal arguments in the first instance[.]"); Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010) (plaintiff abandoned her claim when she failed to respond to the defendant's argument in dispositive motion).

Further, the Court is not persuaded by Defendants' unsupported argument that the class should be limited to those who worked for Defendants within the last two years rather than the last three years, as Johnson requests. (Opp'n at 13). The statute of limitations for a FLSA claim is generally two years; but "when the violation is willful, a three-year statute of limitations applies." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 357 (4th Cir. 2011). Here, Johnson alleges that Defendants' violations were willful. (Compl. ¶ 122). Accordingly, the Court finds that the putative class includes bartenders and servers employed by Defendants within three years of this lawsuit.

### 2.    Proposed Notice

#### i.    Production of Contact Information

Because Johnson met her preliminary burden of showing that potential opt-in plaintiffs are similarly situated, she is entitled to distribute Notice of this action to members of the putative class. Arnold v. Acappella, LLC, No. BPG-15-3001, 2016 WL 5454541, at

---

SFS Commc'ns., LLC, No. PJM-15-3068, 2017 WL 386539, at *2 (D.Md. Jan. 27, 2017) (explaining that "the evidence need not enable the court to determine conclusively whether a class of similarly situated plaintiffs exists;" only a "modest showing," through affidavits or other means, is required).

*3 (D.Md. Sept. 29, 2016). To facilitate that notice, Johnson asks that the Court order Defendants to produce an excel file containing the names, positions, dates of employment, last known mailing addresses, email addresses, and telephone numbers of all members of the putative collective within fourteen (14) days. (Mot. at 13). Defendants do not object to this request. Further, it is common practice for courts to order the production of contact information for potential plaintiffs in order to assist with the notification and opt-in process. See, e.g., Kneppar v. Elevance Health Cos., Inc., No. MJM-23-863, 2024 WL 1156406, at *6 (D.Md.  Mar. 18, 2024) (ordering production of names, contact information, and periods of employment); McCoy v. Transdev Servs., Inc., No. DKC-19-2137, 2020 WL 2319117, at *5 (D.Md. May 11, 2020) (same). Accordingly, the Court will order Defendants to produce the requested contact information within fourteen (14) business days of the date of this Order.

    **ii. Content of Notice**

   Turning next to the content of the Notice, the Court notes that Johnson submitted three different versions for distribution by U.S. mail, email, and text message. (Proposed Postal Notice, ECF No. 32-3; Proposed Email & Text Notice, ECF No. 32-4). Defendants' primary objection is that the Notice "does not contain sufficient language regarding [their] position." (Opp'n at 13). For the reasons discussed below, the Court agrees with Defendants as to Johnson's proposed email and text message notices but finds that the postal notice is sufficient.

   Courts have broad discretion to determine the content of the notice sent to potential opt-in plaintiffs. Mcfeeley v. Jackson St. Entm't, LLC, No. DKC-12-1019, 2012 WL

5928902, at *5 (D.Md. Nov. 26, 2012). Notice is required to be "timely, accurate, and informative," so that potential plaintiffs can make informed decisions about whether to participate. <u>Kneppar</u>, 2024 WL 1156406, at *6 (quoting <u>Hoffmann-La Roche v. Sperling</u>, 493 U.S. 165, 170). As such, notices typically include summaries of both parties' positions in the case. <u>See id.</u> at *6 (explaining that plaintiff's proposed notice accurately reflected defendant's position).

The purpose of the notice is to make as many potential plaintiffs as possible "aware of the action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." <u>Lazaar v. Anthem Cos., Inc.</u>, 678 F.Supp.3d 434, 442 (S.D.N.Y. 2023) (cleaned up). At the same time, courts "must take care to avoid even the appearance of judicial endorsement of . . . the action." <u>Id.</u> (quoting <u>Hoffman-La Roche</u>, 493 U.S. at 174)). To that end, notices will generally indicate that the Court has not taken any position on the merits in the case. <u>Kneppar</u>, 2024 WL 1156406, at *6.

Here, the Court finds that Johnson's proposed email and text message notices are inadequate because: (1) both are devoid of any information concerning Defendants' position; and (2) both fail to inform potential collective members that the Court has not taken any position in this case about the merits of the parties' claims and defenses. <u>Cf</u> <u>Kneppar</u>, 2024 WL 1156406, at *6 (authorizing plaintiff's proposed notice because it accurately reflected defendant's answer to the Complaint); <u>see id.</u> (directing plaintiff to edit proposed text message to make clear that "the Court has not taken a position on the merits of the case"). Therefore, the Court will direct Johnson to modify the proposed email

and text message notices accordingly for resubmission within seven (7) days of the date of this Order.[5]

### iii.    Distribution via Email

Defendants urge the Court, without explanation, to deny Johnson's request to send notice via email. (Opp'n at 13). As Johnson correctly notes, courts in the Fourth Circuit frequently permit FLSA notices to be distributed via text and email, and absent a persuasive argument otherwise, the Court does not find a compelling reason why notice in this matter should be limited to postal mail. (Reply Supp. Mot. Conditional Cert. ["Reply"] at 9, ECF No. 42); see Biscardi, 2023 WL 155238, at *5 (authorizing distribution of notice through text and email). Therefore, the Court will deny Defendants' request and allow Johnson to issue notice via U.S. mail, email and text message.

### iv.    Opt-In Period & Reminder Notices

The parties disagree as to whether the Court should permit issuance of a reminder notice. Johnson requests that the Court authorize a 60-day opt-in period for potential class members to join the lawsuit and that she be given permission to send one reminder notice within forty days of the first notice mailing. (Mot. at 13–14). Defendants counter that the

---

[5] The Court finds that the content of the proposed postal notice is appropriate. The first page states in italicized letters, "This is a Court-Authorized Notice, Not a Solicitation from a Lawyer." (Proposed Notice at 1, ECF No. 32-3). The notice provides a summary of both sides' positions, along with instructions for potential plaintiffs to join the lawsuit. (Id. at 1–2). Further, the notice form accurately indicates that the "Court has not ruled on the claims in this lawsuit," and informs prospective plaintiffs that Defendants deny any wrongdoing. (Id.). The notice also provides that participation in the litigation may require testifying, but that potential plaintiffs may be excluded by simply ignoring the notice. (Id. at 2). Based on the foregoing, the Court will authorize Johnson to distribute the proposed postal notice to potential members of the class.

Court should prohibit Johnson from sending any reminder notices in this case. (Opp'n at 13). Courts in this district generally authorize a 60-day opt-in period for FLSA collective actions and allow reminder notices halfway through the opt-in period. <u>See, e.g.</u>, <u>Boyd v. SFS Commc'ns, LLC</u>, No. PJM-15-3068, 2017 WL 386539, at *3 (D.Md. Jan. 27, 2017) (permitting reminder notice halfway through the opt-in period); <u>Biscardi</u>, 2023 WL 155238, at *5 (granting 60-day opt-in period for FLSA collective action). Here, Defendants fail to provide any reason why this Court should deviate from these practices. (<u>See</u> Opp'n at 13). The Court will therefore grant Johnson's request as to the 60-day opt-in period and authorize the distribution of reminder notices within forty (40) days of the first notice mailing.

### III.    CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Johnson's Motion for Conditional Certification (ECF No. 31). The proposed notice and distribution plan is approved subject to the modifications described herein. A separate Order follows. Entered this 4th day of February, 2025.

_____/s/_____
George L. Russell, III
Chief United States District Judge