IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CANDICE JOHNSON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:23-2821-GLR |
| **MISS TOYAS** | * | |
| **CREOLE HOUSE, LLC,** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*

## MEMORANDUM OPINION

THIS MATTER is before the Court regarding Plaintiff Candice Johnson's ("Plaintiff" or "Ms. Johnson") Motion to Compel Defendants Miss Toya's Creole House, LLC[1] and Miskiri Hospitality Group, LLC to produce the complete list of all putative collective members. *See* Plaintiff's Motion to Compel Defendants to Produce Complete Class List ("Pl.'s Mot."), ECF 60. On April 28, 2025, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Russell referred this matter to me for "[s]pecifically, ECF 60 Motion to Compel Defendants to Produce Complete Class List." ECF 64. I have considered the parties' filings. *See* ECFs 60, 63, 65. On June 17, 2025, the Court held a telephone conference with counsel for the parties. After the call, the Court took the matter under advisement. For the reasons stated below, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

---

[1] The parties' filings in this matter, and throughout this litigation, vary in their use of "Miss Toyas" and "Miss Toya's." For the sake of consistency, the Court uses the apostrophe except when quoting another document.

I.    BACKGROUND

On October 18, 2023, Plaintiff Candice Johnson filed her Class Action Complaint against Miss Toya's Creole House, LLC and Miskiri Hospitality Group, LLC ("Defendants") individually and on behalf of all other similarly situated individuals. *See* Compl., ECF 1. She alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and analogous Maryland statutes while Plaintiff was employed by Defendants as a bartender from November 2022 through February 2023. *Id*. at ¶¶ 15, 36.

On February 4, 2025, the Court granted in part Plaintiff's Motion for Conditional Certification and conditionally certified a FLSA collective action consisting of "all bartenders and servers employed by Defendants Miss Toyas Creole House, LLC and Miskiri Hospitality Group, LLC within the three years prior to the filing of this lawsuit." ECF 52, at 1 (the "Conditional Certification Order"). The Court ordered that "Defendants shall produce to Johnson's counsel a class list in electronic (i.e., Excel) format containing the FLSA Collective members' names, positions, dates of employment, addresses, email addresses, and telephone numbers" within fourteen (14) business days of the February 4, 2025, Order. *Id*.

On February 27, 2025—nine days after the deadline—Defendants produced a class list of all bartenders and servers employed by Miss Toya's Creole House, LLC from August 2022 to October 2023, including the bartenders' and servers' names, positions, dates of employment, addresses, email addresses, and telephone numbers. *See* Defs.' Mot. in Opp'n to Pl.'s Mot. to Compel Defs. to Produce Complete Class List ("Defs.' Opp'n"), ECF 63, at ¶ 4; Pl.'s Mot. at 2. That same day, Plaintiff's counsel contacted Defendants' counsel via email, requesting confirmation that the list included all members of the conditionally certified collective. Pl.'s Mot. at 2; *see* ECF 60-1, at 1-2. Plaintiff's counsel identified

2

potential deficiencies, including that the list contained only 19 individuals, four of whom were former employees. *Id.* Defendants did not respond. *Id.* On March 18, 2025, after Plaintiff's counsel "independently confirmed that the list was significantly deficient," Plaintiff's counsel emailed Defendants' counsel again to address Defendants' alleged noncompliance and requested a supplemented production of the complete class list. Pl.'s Mot. at 2; *see* ECF 60-1, at 1. Defendants again did not respond. *Id.*

Plaintiff asserts that her efforts to provide notice of the collective action are prejudiced by Defendants' failure to produce "(1) any information for bartenders or servers employed at any of Defendants' restaurant concepts other than Miss Toyas; and (2) a complete list of all individuals employed at Miss Toyas since October 18, 2020." Pl.'s Mot. at 2. She seeks an order compelling production of "a complete list consisting of 'all bartenders and servers employed by Defendants Miss Toyas Creole House, LLC and Miskiri Hospitality Group, LLC ('Defendants') [since October 18, 2020].'" *Id.* (citing ECF 52). The requested information includes the individuals' "names, positions, dates of employment, addresses, email addresses, and telephone numbers.'" *Id.* (citing ECF 52). Plaintiff also seeks a sworn certification from Defendants that the updated production is complete as to all putative FLSA collective members. *Id.* at 3. Plaintiff notes Defendants' lack of sworn statement or other evidence demonstrating that Miskiri Hospitality Group, LLC did not employ any bartenders or servers at any other location during the relevant time. Pl.'s Reply to Defs.' Opp'n ("Pl.'s Reply"), ECF 65, at 2.

Defendants oppose further production, asserting that they provided a list of all bartenders and servers—including the aforementioned employment and contact information—employed at Miss Toya's Creole House from August 2022 to October 2023. Defs.' Opp'n at ¶ 7. Defendants limited their production to that period because Miss

Toya's Creole House opened in August 2022, so there could not be any employees before that time. *Id.* at ¶¶ 9, 10. In their written submission, Defendants claim that "Defendant Mr. Miskiri did not employ any other bartenders or servers." *Id.* at ¶ 12. Based on the restaurant's opening date, they do not believe additional information is required and insist that Plaintiff's request is a fishing expedition. *Id.* at ¶¶ 8, 13, 15, 17. Defendants seek an order denying Plaintiff's request and awarding Defendants their attorney's fees for having to respond. *Id.* at ¶ 16.

On June 17, 2025, the Court held a telephone conference with the parties regarding their positions. The parties tracked their written positions and expanded upon certain points central to their views. Plaintiff explained that because FLSA defines "employer" broadly and Miss Toya's Creole House is alleged to have shared employees with other restaurants associated with the Miskiris, Defendants should produce information for individuals employed at those other restaurants during the relevant time. Defendants insisted that this lawsuit is about only one restaurant location—Miss Toya's Creole House in Silver Spring, MD—and not any others, and they provided all information related to that single location. On that point, defense counsel represented to the Court that the two named Defendants—the limited liability companies—are associated with only the Miss Toya's Creole House restaurant in Silver Spring and that the other restaurants that Plaintiff references are separate legal entities not party to this suit. Specifically, defense counsel analogized Miskiri Hospitality Group, LLC to a "holding company" that is not legally connected to the other restaurants Plaintiff references.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil litigation: "parties may obtain discovery regarding any nonprivileged matter that is

4

relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts "consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000); *see also Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) (a court may restrict discovery if "it determines that the discovery would be burdensome, duplicative, unnecessarily costly, or insufficiently probative to the issues in the litigation to warrant the expense of production"). "District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel." *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

### III. ANALYSIS

For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the Motion to Compel.[2]

---

[2] The Court notes that the parties failed to follow the Court's Local Rules, which set out the procedural requirements that parties must follow before filing a motion to compel. Local Rules 104.7 and 104.8 require that the parties confer, and that the moving party file a certificate setting forth certain information required by the Local Rules. *See* D. Md. Loc. R. 104.7 and 104.8. In general, pursuant to Local Rule 104.8(a), motions to compel must be served within 30 days of the moving party's receipt of deficient discovery responses. Plaintiff filed the Motion on April 11, 2025 but became aware of Defendants' deficient class list as of February 27, 2025. *See* ECF 60-1, at 1-2. Although the Motion is untimely under a strict application of the Local Rules, the Court believes a strict application is not appropriate under these circumstances. Plaintiff notified Defendants of the deficient class list the same day that she became aware of the deficiency and contacted Defendants a second time in an attempt to resolve the dispute. Defendants did not respond to Plaintiff's emails. D. Md. Loc. R. Appendix A, Guideline 1(a), (f) ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the

5

### A. *The putative class information should include employees after the date of the Complaint.*

As an initial matter, Plaintiff suggests that Judge Russell "defined the collective to include all employees 'since October 18, 2020.'" Pl.'s Reply at 2. Judge Russell's Conditional Certification Order does not say these exact words. Rather, it granted Plaintiff's motion for Conditional Certification to the extent Plaintiff asked "the Court to Conditionally Certify a [FLSA] collective action of all bartenders and servers employed by Defendants Miss Toyas Creole House, LLC and Miskiri Hospitality Group, LLC ('Defendants') within the three years *prior to the filing of this lawsuit*[.]" ECF 52, at 1 (emphasis added). Plaintiff filed her Complaint on October 18, 2023. Compl., ECF 1; *see* ECF 51, at 3 (noting Plaintiff filed her initial Class Action Complaint on October 18, 2023). The Conditional Certification Order found "that the putative class includes bartenders and servers employed by Defendants within three years of this lawsuit" based on the three-year statute of limitations that applies for willful violations of FLSA. *See* ECF 52, at 6 (citing *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 357 (4th Cir. 2011) ("[W]hen the violation is willful, a three-year statute of limitations applies.")). Therefore, Judge Russell specified the starting point for the putative class—October 18, 2020—but not the endpoint.

While the Conditional Certification Order is silent on the end date, several courts

---

discovery to ensure that it meets these objectives . . . Whenever possible, attorneys are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court[.]"). The Court does not hold the 30-day Local Rule deadline against a party that exceeded that period due to multiple efforts to obtain a response from the resisting party; such efforts before Court intervention are what the Local Rules expect. Therefore, the Court will exercise its discretion and address Plaintiff's Motion on the merits.

in this circuit and elsewhere have defined conditional certification classes as running through the date of the conditional order, if not conclusion of the lawsuit. *See Tripp v. Perdue Foods, LLC*, No. 1:24-CV-00987-JMC, 2024 WL 4770282, at *9 (D. Md. Nov. 13, 2024) (conditionally certifying a collective class from a date certain "to the present"); *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 835 (E.D. Va. 2008) (same); *Gordon v. TBC Retail Group, Inc.*, 134 F. Supp. 3d 1027, 1034, 1041 (D.S.C. 2015) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) (same); *Chapman v. Saber Healthcare Group, LLC*, 623 F. Supp. 3d 664, 682 (E.D. Va. 2022) (conditionally certifying a collective class "at any time in the last three years until resolution of this suit"). The undersigned believes a similar approach is justified here based on the remedial nature of FLSA claims and the purpose of collective action notice. *See infra* at 10. As such, the putative class includes bartenders and servers employed by Defendants within three years before October 18, 2023, through the present, so long as the alleged "willful" violation falls within the three-year statute of limitations.[3]

Based on the information presented to the Court, Defendants have produced a class list of all bartenders and servers employed by Miss Toya's Creole House, LLC from August 2022 to October 2023, including the bartenders' and servers' names, positions, dates of employment, addresses, email addresses, and telephone numbers. Defs.' Opp'n at ¶ 4. The Conditional Certification Order is unequivocal in its inclusion of not only those individuals but "*all* bartenders and servers employed by *Defendants Miss Toyas Creole*

---

[3] "Unlike Rule 23 claims, which automatically toll upon filing of the class action, the limitations period for FLSA collective actions continues to run for each individual plaintiff until he or she files written consent to the suit." *Harbourt v. PPE Casino Resorts Maryland, LLC*, No. CCB-14-3211, 2017 WL 281992, at *2 (D. Md. Jan. 23, 2017) (citing 29 U.S.C. § 256(b)).

*House, LLC and Miskiri Hospitality Group, LLC ('Defendants')* within the three years prior to the filing of this lawsuit[.]" ECF 52, at 1 (emphasis added). Defendants have only produced a class list of all bartenders and servers employed by Miss Toya's Creole House, LLC from August 2022 to October 2023. Their production should account for the time after Plaintiff filed suit. Therefore, being correct about the relevant duration, Plaintiff is entitled to a supplement to include individuals employed by the named Defendants through the present.

> **B. The language of the Conditional Certification Order does not appear to extend the putative class to other restaurants controlled by non-party persons or entities.**

Duration disagreements aside, the core of the parties' dispute goes to the identity of the putative classes' employer(s) and which restaurants are controlled by the two Defendants in this case. Plaintiff presses for a broader group beyond only those who worked at Miss Toya's Creole House since its August 2022 opening. On the teleconference, Plaintiff's counsel cited both the broad scope of FLSA provisions defining employers and Plaintiff's allegations and assertions that Defendants shared employees (including servers) between "various restaurant concepts and locations." *See, e.g.*, Pl.'s Reply at 2 (citing ECF 32-1 at ¶ 20). These various restaurant locations include Miss Toya's Creole House—where Plaintiff worked—in Silver Spring, Maryland; a restaurant named Creole in Washington, D.C.; and a restaurant in Cleveland, Ohio. *See* ECF 32-1 at ¶ 20; ECF 32 at 3. Counsel insisted that the way that Miss Toya's Creole House and other entities operated—including sharing employees and representing that the restaurants are related, per their website and other material—suggested that Plaintiff's "employer," for FLSA purposes might include those other restaurants and/or Mr. Miskiri, despite the lawsuit being against only two discrete LLCs connected to a Silver Spring, Maryland

8

establishment. *See, e.g.*, 29 U.S.C. § 203(d) (FLSA provision defining an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); *Pizzella v. Peters*, 410 F. Supp. 3d 756, 767 (D. Md. 2019) (summarizing factors when considering whether an individual, in addition to a corporate entity, is an employer under FLSA). Plaintiff's counsel also suggested that it would have been unnecessary for the Conditional Certification Order to set a beginning date of three years before the lawsuit if it contemplated only a set of employees at a restaurant that opened after that date.

Defendants' written response discusses Miss Toya's Creole House and Mr. Miskiri, the individual.[4] It does not mention any individuals employed by Miskiri Hospitality Group, LLC. During the teleconference, defense counsel explained that Miskiri Hospitality Group, LLC does not have any employees; the only individuals "employed" by the named Defendants are those employed by Miss Toya's Creole House, LLC. Thus, Defendants seek to cabin the Conditional Certification Order—and any notice of this pending lawsuit—to individuals employed only at Miss Toya's Creole House in Silver

---

[4] Oddly, the defense opposition refers to Mr. Miskiri as a defendant. An individual, of course, is not the same as a limited liability company. But, for purposes of the FLSA, an individual may face liability in addition to a corporate entity employing a plaintiff. *See, e.g.*, *Gonzalez Cabrera v. Vargas Svcs., LLC*, GLR-24-3200, 2025 WL 1569957, at *6 (D. Md. June 3, 2025). Mr. Miskiri is not named as a defendant in the Complaint. Therefore, the Court's analysis treats him as a non-party rather than as a named defendant in his individual capacity. *Cf. Jassie v. Mariner*, No. DKC 15-1682, 2016 WL 67257, at *7 (D. Md. Jan. 6, 2016) (rejecting plaintiff's attempt to add a non-party as a defendant by "adding [the non-party] to the caption of the motion papers, providing some additional factual allegations in the opposition brief, and styling the documentation as a motion to amend.") (quoting *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

Spring.

Defendants urge the Court to decline Plaintiff's invitation to read "employer" so broadly and grant relief of mere contact information for putative class members. The Court agrees that this question of what individual or entity is an "employer" in this case is a merits issue that is not before it. Of course, the Motion does not address the merits of any issue (and Plaintiff's counsel did not seek a definitive answer on it); rather, it seeks contact information so that putative class members may receive notice of this litigation, permitting them to decide whether to opt-in to this putative class action.[5]

The general context and purpose of FLSA collective action procedures lend some support to Plaintiff's rationale. "When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process." *Butler v. DirectSAT, USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012). The first step is the notice stage, which has already occurred.[6] *See id.* The second is the "decertification stage, [where] the court makes a final decision about the propriety of proceeding as a collective action." *Id.* This structure suggests that broader notice, sooner in the litigation, is preferable. Absent a settlement, there will come a day where the parties litigate the propriety of the collective action and whether the putative class members are similarly situated; this may include the "employer" issue. *See id.*; *Cedillos-Guevara v. Mayflower Textile Servs., Co.*, No. GLR-14-196, 2014 WL 7146968, at *3 (D. Md. Dec. 12, 2014) (quoting *Manning v.*

---

[5] For these reasons, the Court takes no position on whether Plaintiff or Defendants are correct in their views on who may be liable for any violations in this case.

[6] Mindful of the remedial purpose of the FLSA, this step imposes a modest burden on the plaintiffs to show "some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." *Butler*, 876 F. Supp. 2d at 572.

*Goldbelt Falcon, LLC*, No. 08-3427, 2010 WL 3906735, at *3 (D.N.J. Sept. 29, 2010) ("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination.")); *Chapman*, 623 F. Supp. 3d at 679-80 (declining to address the "joint employer question" at stage one because it "is a merits issue properly addressed at the decertification stage").

However, the first step in answering the relevant question—whether Defendants' production is insufficient—is identifying the language of the order identifying the putative class. The description refers to bartenders and servers employed by only the two named Defendants in this case. It does not mention or refer to Mr. Miskiri individually or any other restaurant (and associated limited liability company) referenced in Plaintiff's declaration in support of conditional certification or advertised alongside Miss Toya's Creole House on the Miskiri Hospitality Group website.[7] Critical to this analysis is the lack of any information that Miskiri Hospitality Group, LLC controls, as a legal matter, those "related" restaurants elsewhere in Maryland, Washington, D.C., and Ohio. Defense counsel represents to the Court that it is not legally attached to those other restaurants and has no employees of its own. Notwithstanding Defendants' online marketing, Plaintiff provides no evidence suggesting that Defendant Miskiri Hospitality Group, LLC (as opposed to another entity) does, in fact, control those other restaurants or otherwise

---

[7] As of the date of this opinion, the "About Us" section of the Miskiri Hospitality Group website lists five different properties in Washington, D.C. and nearby Maryland suburbs as well as one location in Cleveland, Ohio. *See About Us*, MISKIRI HOSP. GRP., www.miskirihospitalitygroup.com [https://perma.cc/7WP4-UM5W] (last visited July 10, 2025).

employ other bartenders and servers.

While it understands the logic of Plaintiff's perspective, the Court is constrained by the language of the Conditional Certification Order and the facts presented. There being no mention in the order of those other restaurants or locations (or even Mr. Miskiri individually), the undersigned does not grant the relief Plaintiff seeks as to any restaurant or entity not specified in the Conditional Certification Order. *Cf. Chapman*, 623 F. Supp. 3d at 677, 682 & n.7 (including language regarding non-party employment locations within the conditional certification order where such locations were identified in plaintiff's declarations as potential affiliates of the named defendants).

### C. *Attorney's fees are not appropriate.*

Defendants' request for fees incurred in responding to this Motion are denied. If a motion to compel is denied in part, the court *may* apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). The Court does not find any award of expenses or fees appropriate here where Defendants' failure to respond to Plaintiff's follow-up requests necessitated the filing of the Motion. Furthermore, Plaintiff succeeded on at least one argument and her unsuccessful argument was not so unfounded or unjustified that an award to Defendants is warranted.

### IV.  CONCLUSION

For the foregoing reasons, the Motion to Compel is GRANTED IN PART and DENIED IN PART. Defendants shall produce information for putative class members

employed by the named Defendants through the present.  A separate order consistent with this opinion will issue.

Date: July 11, 2025

                                                         /s/
                                         Charles D. Austin
                                         United States Magistrate Judge